UNITED STATES of America,
Petitioner,

v.

**MIDLAND ASPHALT CORPORATION**
and Albert C. Litteer, Respondents.

Docket No. 87–1546.

United States Court of Appeals,
Second Circuit.

Argued Feb. 9, 1988.

Decided Feb. 9, 1988.

Opinion Feb. 26, 1988.

Laura Heiser, Washington, D.C. (John J. Powers, III, U.S. Dept. of Justice, Antitrust Div., Washington, D.C., Charles V.

Reilly, U.S. Dept. of Justice, New York City, of counsel), for petitioner.

Leslie M. Greenbaum, Buffalo, N.Y. (Gross, Shuman, Brizdle & Gilfillan, P.C., Buffalo, N.Y., of counsel), for respondent Midland Asphalt Corp.

Richard J. Braun, Nashville, Tenn. (Thompson & Bussart, Nashville, Tenn., of counsel), for respondent Albert C. Litteer.

Before CARDAMONE and PIERCE, Circuit Judges, and STANTON, District Judge.[*]

PIERCE, Circuit Judge:

In December, 1987, respondents Midland Asphalt Corporation ("Midland") and Albert C. Litteer, the defendants in an ongoing criminal antitrust prosecution in the United States District Court for the Western District of New York, filed a notice of appeal from two orders of the district court, John T. Curtin, *Ch. J.*, denying their motions to dismiss the indictment for alleged abuses of the grand jury process. In response, the United States filed a motion in this court to dismiss the appeal, or, in the alternative, for summary affirmance. Following oral argument, we entered an order granting the motion to dismiss, and we indicated that we would thereafter file a written opinion.

BACKGROUND

On January 23, 1987, a federal grand jury in the Western District of New York issued an indictment charging Midland, a corporation engaged in the sale of liquid bituminous material, and its president and part owner Albert C. Litteer, with a criminal violation of section 1 of the Sherman Act, 15 U.S.C. § 1 (1982). The indictment charged that defendants and others conspired to allocate contracts and rig bids for the sale of liquid bituminous material to the State of New York and certain counties in western New York.

Thereafter, defendants simultaneously filed pretrial motions to dismiss the indict-

ment on three separate grounds. First, they argued that the indictment violated Rule 7(c) of the Federal Rules of Criminal Procedure by failing to define the geographical area or specific counties within which the alleged activities took place. Second, they argued that the grand jury's failure to vote separately as to each prospective defendant violated each defendant's right not to be held to answer except on indictment by a grand jury. Third, they claimed that the government had violated Rule 6(e) of the Federal Rules of Criminal Procedure by disclosing details of the grand jury investigation to the public. On September 30, 1987, Chief Judge Curtin denied the motion to dismiss for violation of Rule 7(c), as well as the motion to dismiss for alleged voting irregularities. On December 18, 1987, Judge Curtin denied the motion to dismiss under Rule 6(e). On December 28, 1987, defendants filed a notice of appeal from the aforesaid orders. In response, the government filed a motion to dismiss the appeal for lack of appellate jurisdiction, or, in the alternative, for summary affirmance.

DISCUSSION

■■■ Under 28 U.S.C. § 1291 (1982), the federal courts of appeals have jurisdiction to review "all final decisions of the district courts," both civil and criminal. Thus, as a general rule, a party must raise all claims of error in a single appeal following a final judgment on the merits. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673–74, 66 L.Ed.2d 571 (1981). Nevertheless, in some instances a decision may be "final" for purposes of § 1291 even though it is not the "last order possible to be made in a case." *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964). Under the collateral order doctrine, a pretrial order may be considered "final" and, hence, appealable if it falls within "that small class which finally determine claims of right separable from,

and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). To qualify for immediate appeal under the collateral order doctrine, an order must meet three conditions: first, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; and third, it must be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978).

In the present case, the government argues that an order denying a motion to dismiss an indictment for alleged grand jury abuses does not qualify as a final decision under the collateral order doctrine and, therefore, is not subject to interlocutory review. The Supreme Court has noted that adherence to the rule of finality is particularly important in criminal cases, "because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney v. United States,* 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (quoting *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962)). Delay in criminal cases infringes not only upon the defendant's interest in the speedy resolution of the charges against him, but also upon society's interest in the prompt administration of justice. Over time, the prosecution's ability to prove its case diminishes as evidence deteriorates and witnesses' memories fade; society may be forced to bear the cost of extended pretrial detention or, alternatively, to assume the risk that defendants released pending trial may commit other crimes. *Flanagan v. United States,* 465 U.S. 259, 264–65, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984). With these concerns in mind, the Supreme Court thus far has recognized the following types of pretrial orders in criminal cases that meet the requirements of the collateral order exception: an order denying a motion for reduction of bail, *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); an order denying a motion to dismiss an indictment where it is claimed it violates the double jeopardy clause, *Abney,* 431 U.S. 651, 97 S.Ct. at 2034; and an order denying a motion to dismiss an indictment on the ground that it violates the speech and debate clause, *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).[1] Apart from these exceptions, the general rule is that an order denying a motion to dismiss an indictment is interlocutory and not appealable. *United States v. Beckerman,* 516 F.2d 905, 906 (2d Cir.1975). *See also United States Tour Operators Ass'n v. Trans World Airlines,* 556 F.2d 126, 128 (2d Cir.1977) (stating that "Attempts to come within the scope of the *Cohen* doctrine have been legion, but we have not been receptive to an expansive reading of this exception to the final judgment rule.").

Respondents argue, however, that in light of the Supreme Court's decision in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), the denial of their motions to dismiss the indictment is effectively unreviewable following the conclusion of trial, and therefore should be subject to interlocutory review. Respondents argue that, if they are acquitted, the denial of their motions to dismiss will be moot; however, if they are convicted,

---

1. Three circuit courts, including this one, have held that the reasoning of *Helstoski* entitles a federal official to pretrial review of a challenge to an indictment based on the doctrine of separation of powers. *See United States v. Claiborne,* 727 F.2d 842 (9th Cir.) (federal judge entitled to immediate review of denial of motion to dismiss indictment on ground of separation of powers), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984); *United States v.* *Hastings,* 681 F.2d 706 (11th Cir.1982) (same), *cert. denied,* 459 U.S. 1203, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983); *United States v. Myers,* 635 F.2d 932 (2d Cir.) (congressman), *cert. denied* 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980). *Cf. Deaver v. Seymour,* 822 F.2d 66 (D.C.Cir.1987) (no pretrial appellate review of denial of motion to dismiss based on argument that independent counsel law is unconstitutional).

the grand jury abuses of which they complain will be deemed harmless error under *Mechanik,* and thus insufficient to warrant reversing the convictions. Respondents find support for this argument in the dissenting opinion in *Mechanik,* 475 U.S. at 81 n. 1, 106 S.Ct. at 947 n. 1 (Marshall, J., dissenting), as well as in two circuit court cases, *see United States v. Dederich,* 825 F.2d 1317 (9th Cir.1987); *United States v. Benjamin,* 812 F.2d 548 (9th Cir.1987). At least two other circuits, however, have reached the opposite conclusion. *See United States v. LaRouche Campaign,* 829 F.2d 250 (1st Cir.1987); *United States v. Taylor,* 798 F.2d 1337 (10th Cir.1986). We turn now to consider whether respondents' appeal is permissible under the *Cohen* collateral order doctrine.

### I. *The September 30 Order*

We need not linger over respondents' contention that the September 30, 1987 order of the district court, which denied the motions to dismiss the indictment for alleged grand jury voting irregularities and for lack of specificity as to the location of the alleged criminal activity, is subject to interlocutory review. Even if we assume, for the sake of argument, that this order could be the subject of an interlocutory appeal, a straightforward application of Rule 4(b) of the Federal Rules of Appellate Procedure would preclude this court from entertaining the appeal. Rule 4(b) states, *inter alia,* that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from," unless the district court grants an extension of time upon a showing of excusable neglect. Thus, whatever right respondents may have had to interloc-

utory review of the September 30 order expired on October 10, 1987. Any right that respondents still have to contest this order may be exercised, if at all, following the termination of criminal proceedings in the district court.

### II. *The December 18 Order*

Because the notice of appeal was timely filed with respect to the December 18 ruling, we must decide whether *Mechanik* compels us to review an interlocutory order denying a motion to dismiss a criminal indictment for violation of Rule 6(e). To understand respondents' argument in favor of appealability requires a brief discussion of the *Mechanik* decision.

In *Mechanik,* the defendants in a conspiracy case discovered, two weeks into trial, that the government had presented to the grand jury the testimony of two law enforcement agents who were sworn together and questioned in tandem. The defendants then moved for dismissal of the indictment on the ground that the simultaneous presence of the two agents before the grand jury violated Fed.R.Crim.P. 6(d).[2] The district judge took the matter under advisement pending the conclusion of trial. After the jury returned a verdict of guilty, the judge denied the motion to dismiss, reasoning that, even though the presence of the agents violated Rule 6(d), the error was harmless. The Court of Appeals for the Fourth Circuit reversed. The Supreme Court, however, reversed the Fourth Circuit and reinstated the convictions.

In reaching its conclusion that the grand jury violation was merely harmless error, the Court reasoned, first, that Rule 6(d) is designed to ensure that grand jurors, sit-

---

**2.** Fed.R.Crim.P. 6(d) states:
Who May Be Present. Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting. By contrast, Rule 6(e)(2) states:
General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a

recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

ting without direct supervision of a judge, are not subject to undue influence that may come with the presence of unauthorized persons. Thus, the Rule protects against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty. *Mechanik*, 475 U.S. at 70, 106 S.Ct. at 941–42. The petit jury's subsequent decision to return a guilty verdict, the Court held, demonstrates not only that there was probable cause to believe that the defendants were in fact guilty as charged, but also that they were in fact guilty beyond a reasonable doubt. *Id.* Therefore, a majority of the Court concluded that any error in the grand jury proceeding was harmless beyond a reasonable doubt.

Since *Mechanik*, three circuit courts of appeals have addressed the issue, raised by Justice Marshall in his dissent, of whether allegations of grand jury abuses are effectively unreviewable post-conviction, and, if so, whether the denial of a motion to dismiss an indictment for violations of Rule 6 is subject to interlocutory review. The Tenth Circuit has interpreted *Mechanik* narrowly so as not to preclude post-conviction review of most allegations of grand jury irregularities; as a result, interlocutory review is still strongly disfavored. In *United States v. Taylor*, 798 F.2d 1337, the defendants had moved in the district court for dismissal of the indictment on several grounds, including (1) invasion of the defense camp by the prosecution in violation of the attorney-client privilege and the sixth amendment; (2) abuse of the grand jury through prosecutorial misconduct, in the form of (a) failure to present exculpatory evidence to the grand jury, and (b) causing the grand jury to be biased by presenting inadmissible, inflammatory, and prejudicial evidence; and (3) improper utilization of state officers in the grand jury investigation. The district court denied the motion, and the defendants appealed. *See id.* at 1338. The Tenth Circuit dismissed the appeal, reasoning that, *Mechanik* notwithstanding, the denial of the motion to dismiss the indictment *would* be reviewable after final judgment. In reaching this conclusion, the court distinguished between the right at stake in *Mechanik*—which the court characterized as "the right not to stand accused except upon a finding of probable cause"—and "a broader right to fundamental fairness throughout the criminal process," which arguably was implicated under the facts of *Taylor*. *Id.* at 1340. The court noted that, in *Mechanik*, no allegations were made that the government had attempted to unfairly sway the grand jury or to otherwise affect the fairness of the accusatory process; "[i]n short, there was no question whether the government had transgressed the defendants' rights to fundamental fairness." *Id.* At most, the error in *Mechanik* could have affected only the grand jury's determination of probable cause, and since the outcome of the trial effectively eliminated any question of whether there was probable cause, the error was harmless. *Id.* The errors presented to the court in *Taylor*, however, were not "of the technical variety." Instead, the defendants were asserting that their right to fundamental fairness had been adversely affected by certain governmental activities. Thus, a petit jury determination of guilt would not moot these issues, the court reasoned, because "they go beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment." *Id.* Accordingly, the *Taylor* court held that the issues raised by the defendants would be appealable after a final judgment of conviction.

On the other hand, the Ninth Circuit has construed *Mechanik* broadly, so as to preclude most post-conviction review of alleged grand jury abuses. As a result, the Ninth Circuit has taken a very liberal approach towards interlocutory review of orders denying Rule 6 motions to dismiss. For example, in *United States v. Benjamin*, 812 F.2d 548, the defendants had moved to dismiss the indictment on the ground that the government had violated Rule 6(e) by disclosing certain records of the grand jury proceedings. The court held that an interlocutory appeal of the district court's denial of the motion to dismiss was permissible, because the matter

*would* be effectively unreviewable after a final judgment. Unlike the Tenth Circuit, the Ninth found no meaningful distinction based on the fact that *Mechanik* involved a violation of Rule 6(d), while the case before the court involved a violation of Rule 6(e). Either violation, reasoned the court, could taint the grand jury's decision to indict; yet under *Mechanik* such a taint would be rendered harmless if the petit jury convicted the defendants. Since the denial of the motion to dismiss the indictment would be effectively unreviewable following a judgment of conviction, the court decided to entertain the interlocutory appeal. *See Benjamin*, 812 F.2d at 550–54.

One judge dissented from the court's decision in *Benjamin*, on the ground that a distinction *could* be drawn between a Rule 6(d) violation, which was at issue in *Mechanik*, and a Rule 6(e) violation, which was at issue in the case before the court. According to the dissenting judge, Rule 6(d) is designed, in part, to ensure that grand juries are not subject to undue influence in their decision to indict. *Id.* at 555 (Thompson, J., dissenting). Rule 6(e), on the other hand, codifies the traditional rule of grand jury secrecy, which is necessary (1) to encourage witnesses to testify freely; (2) to prevent persons under investigation from learning of their status, lest they flee; and (3) to protect from public ridicule those who are exonerated by the grand jury. *Id.* at 555–56 (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S.Ct. 1667, 1672–73, 60 L.Ed.2d 156 (1979)). Normally, argued the dissent, a violation of Rule 6(e) will not affect the grand jury's decision to indict. Therefore, even if appellants were convicted at trial, *Mechanik* would not preclude post-trial review of the issue they sought to raise on appeal.

More recently, the First Circuit has developed yet another perspective on the appealability issue. In *United States v. LaRouche Campaign*, 829 F.2d 250, the court denied interlocutory review of a district court's denial of a motion to dismiss the indictment for violation of Rule 6(e). The court agreed with the Tenth Circuit in *Taylor* that *Mechanik* would not necessarily preclude relief after conviction, because the alleged grand jury abuses (violation of secrecy rules, presentation of misleading evidence, the government's trying the case in the press) were different from the somewhat "technical" violations present in *Mechanik*. *Id.* at 253. The court went on to decide, however, that even if *Mechanik* should be broadly construed so that post-conviction relief for violations of Rule 6 is routinely denied, interlocutory review would nevertheless be foreclosed. The court noted that, under *Cohen*, interlocutory review is permitted only if an order finally determines claims of right *"too important* to be denied review." *Id.* at 254 (citing *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225) (emphasis in *LaRouche*). Reasoning that "it would be the rare alleged abuse of the grand jury process which, while not important enough to warrant relief on direct appeal from a judgment of conviction, would be important enough to warrant the extraordinary step of an interlocutory appeal in a criminal case," the court dismissed the appeal. *Id.*

The case law noted above suggests a number of different approaches to the appealability issue now before us. On the one hand, we could choose to adopt the Ninth Circuit's broad reading of *Mechanik*, and hold that Judge Curtin's December 18 order denying the Rule 6(e) motion to dismiss is effectively unreviewable after trial; this might suggest that interlocutory review would be appropriate. On the other hand, we could choose to follow the First Circuit's reasoning and hold that, even if there can be no appeal from such an order following the termination of district court proceedings, the underlying claim is simply not "important" enough to merit interlocutory review. Yet another alternative would be to follow the Tenth Circuit's interpretation of *Mechanik*, and hold that Rule 6 challenges that implicate the defendant's right to fundamental fairness in the charging process, as opposed to mere "technical" challenges, are still subject to post-trial (but not interlocutory) review.

For purposes of deciding the motion before us, we find most persuasive the logic expressed in the dissent in the Ninth Cir-

cuit's *Benjamin.* As it observed, the rule at issue in *Mechanik,* Rule 6(d), primarily serves to protect grand juries from being unduly influenced by persons not authorized to appear before them, and thereby to protect the person under investigation from being indicted in the absence of probable cause. Therefore, as the Supreme Court instructed in *Mechanik,* a violation of Rule 6(d) is harmless error if the petit jury subsequently convicts the defendant since a conviction indicates that there *was* probable cause to indict. Rule 6(e), on the other hand, serves a very different function. The non-disclosure provisions of Rule 6(e) protect society's interest in keeping secret the identity of grand jury witnesses and persons under investigation. *Douglas Oil,* 441 U.S. at 219, 99 S.Ct. at 1672–73. In addition, by limiting the amount of potentially prejudicial information that can be disclosed prior to trial, Rule 6(e) safeguards the interests of society and of the defendant in receiving a fair trial. Therefore, unlike a violation of Rule 6(d), a violation of Rule 6(e) is not rendered harmless simply because the defendant is convicted; at least in some instances, the more egregious the violation of Rule 6(e), the more *likely* it becomes that the petit jury will convict. Accordingly, we do not believe that *Mechanik* precludes a federal court of appeals from exercising post-trial review of an order denying a motion to dismiss an indictment for violation of Rule 6(e). By the same token, we believe a Rule 6(e) challenge does not qualify for immediate review under the collateral order doctrine.[3]

We therefore hold that since the order herein denying the motion to dismiss the indictment for an alleged violation of Rule 6(e) is likely to be appealable following trial if the defendants are convicted, the order is not subject to interlocutory appellate review.

The motion to dismiss the appeal is granted.

---

**3.** Of course, dismissal of the indictment for violation of Rule 6 is a drastic remedy that would be applicable only under unusual circumstances. *See, e.g., United States v. Thibadeau,* 671 F.2d 75, 77–78 (2d Cir.1982). Ordinarily, a contempt citation or some less sweeping measure would be appropriate.