UNITED STATES of America, Appellee,

v.

**Harry B. HELMSLEY, Leona M. Helmsley, Joseph V. Licari and Frank J. Turco, Defendants,**

**Harry B. Helmsley and Leona M. Helmsley, Defendants–Appellants.**

**Nos. 297, 298, Dockets 88–1325, 88–1326.**

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 1988.

Decided Sept. 14, 1988.

Opinion Jan. 20, 1989.

John R. Wing, New York City (Harris J. Yale, Weil, Gotshal & Manges, New York City, of counsel for defendant-appellant Harry B. Helmsley, Gerald A. Feffer, James A. Bruton, III, Eva M. Petko, Williams & Connolly, Washington, D.C., of counsel for defendant-appellant Leona M. Helmsley), for defendants-appellants Harry B. Helmsley and Leona M. Helmsley.

James R. Devita, Asst. U.S. Atty., S.D. N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Cathy Seibel, Celia Goldwag Barenholtz, Asst. U.S. Attys., S.D.N.Y., New York City, of counsel), for appellee.

**20**

Before LUMBARD and MAHONEY, Circuit Judges, and CHOLAKIS, District Judge.*

CHOLAKIS, District Judge:

On April 14, 1988, a grand jury in the Southern District of New York handed up an indictment charging Harry B. and Leona M. Helmsley, as well as Joseph V. Licari and Frank J. Turco, in 47 counts with tax evasion, false tax returns, mail fraud, extortion and conspiracy in violation of 26 U.S.C. §§ 7201 (1982) and 7206(1) and (2) (1982), and 18 U.S.C. §§ 2 (1982), 371 (1982), 1341 (1982) and 1951 (1982). Due to the Helmsleys' prominence, a great deal of media attention focused upon the grand jury's investigation during the period leading up to the indictment. As a result of the publicity, defendants Harry and Leona Helmsley filed a motion seeking dismissal of the indictment or, in the alternative, a hearing into the effect of this publicity upon the grand jury considering this case. They alleged that the government was responsible for leaking information to the press concerning matters occurring before the grand jury in violation of Fed.R.Crim.P. 6(e)(2).

District Judge John M. Walker, Jr. denied their motion by order entered July 29, 1988,[1] and the Helmsleys brought this appeal. Based upon an upcoming trial date of September 26, 1988, the government moved for expedited consideration of the appeal. This motion was granted on August 1, 1988, and oral argument was heard in this matter on September 14, 1988. In their reply brief on appeal, the Helmsleys requested that if this court determined that an interlocutory appeal was unwarranted, the court treat this appeal as a petition for a writ of mandamus. An order was issued on September 14, 1988 dismissing the appeal for want of appellate jurisdiction and denying mandamus. This opinion sets forth our reasons.

Defendants-appellants maintain that, as a sanction against the government for its improper actions in disseminating grand jury information concerning this case, the indictment against them should be dismissed. They further contend that they are entitled to a hearing or, at a minimum, to a polling of the grand jury to determine the actual extent of the prejudice caused by the newspaper articles.

■ The first issue to be addressed is the appealability of Judge Walker's order. Defendants-appellants maintain that they are entitled to interlocutory review of Judge Walker's decision because, if the court refuses to review that determination, their right to an unbiased grand jury will be irretrievably lost, since the propriety of the grand jury indictment is not reviewable after conviction. They further contend that the issue has been conclusively decided and is separate from the merits of the action.

The government contends in opposition that interlocutory appeal is not the appropriate vehicle for review of the denial of defendants-appellants' motion to dismiss pursuant to Fed.R.Crim.P. 6(e). The government maintains that defendants-appellants may appeal the denial of that motion upon completion of any trial in this matter, but only at that juncture.

■ The general rule is that appeal may be taken to a court of appeals only from "final decisions of the district courts." 28 U.S.C. § 1291 (1982). A collateral order, however, is reviewable by means of interlocutory appeal if 1) it conclusively determines the disputed question; 2) it resolves an important issue completely separate from the merits of the action; and 3) it is effectively unreviewable on appeal from a final judgment. *United States v. Midland Asphalt Corp.*, 840 F.2d 1040, 1042 (2d Cir.) (citing *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–

---

* The Hon. Con. G. Cholakis, United States District Judge for the Northern District of New York, sitting by designation.

1. A previous motion seeking, *inter alia,* an evidentiary hearing concerning prosecutorial leaks of grand jury matters to the press and termination of the grand jury proceedings against the Helmsleys was denied by Judge Morris B. Lasker in an endorsement order just prior to the filing of the indictment.

58, 57 L.Ed.2d 351 (1978)), *cert. granted,* — U.S. ——, 108 S.Ct. 2869, 101 L.Ed.2d 905 (1988). In examining the appealability of a ruling with respect to asserted violations of Fed.R.Crim.P. 6(e), this court, after full consideration of the collateral order rule, has specifically held that such orders are not subject to interlocutory appeal. *Midland Asphalt,* 840 F.2d at 1046. The role of Rule 6(e) in the grand jury system is to protect society's interest in the secrecy of the grand jury. Because a Rule 6(e) violation is not necessarily rendered harmless by a subsequent conviction, in which event it would be subject to post-trial review, a ruling on such an asserted violation "does not qualify for immediate review under the collateral order doctrine." *Id.*

The Helmsleys argue that the decision in *Midland Asphalt* is inconsistent with the Supreme Court's decision in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). In *Mechanik,* the Court reviewed a violation of Fed.R.Crim.P. 6(d), which prohibits anyone other than the person testifying, attorneys for the government, interpreters when needed and a stenographer from being present while the grand jury is in session. The Supreme Court determined that any error in allowing two agents of the Drug Enforcement Administration to testify in tandem before the grand jury was rendered harmless by a subsequent conviction. *Id.* at 70, 106 S.Ct. at 941–42.

In *Midland Asphalt,* however, this court considered the Supreme Court's reasoning in *Mechanik,* and distinguished that decision from the case before it. The decision in *Mechanik* rested upon a Rule 6(d) violation, which only affects the charging of a defendant and does not go to guilt or innocence. *Mechanik* held that a subsequent conviction more than supports a finding of probable cause to charge, thereby precluding any post-trial challenge under Rule

6(d). *Mechanik,* 475 U.S. at 70, 106 S.Ct. at 941–42;[2] *see Lopez v. Riley,* 865 F.2d 30 (2d Cir.1989) (applying *Mechanik* in habeas corpus proceeding under 28 U.S.C. § 2254 (1982)). A serious violation of Rule 6(e), on the other hand, may have the effect of depriving a defendant of a fair determination of guilt or innocence. Such an impact may be reviewed after trial, alleviating any need for interlocutory appeal. *See Midland Asphalt,* 840 F.2d at 1046.

Defendants-appellants also contend that the decision in *Midland Asphalt* has been seriously undermined by this court's subsequent decision in *United States v. Friedman,* 854 F.2d 535 (2d Cir.1988), a case dealing with alleged Rule 6(e) violations in the context of an appeal from final judgments of conviction. In *Friedman,* however, the defendants failed to show that any violations of Rule 6(e) which might have occurred[3] had any effect upon the petit jury and defendants' conviction. *Id.* at 584. Thus, the court ruled that any error which might have occurred was harmless, and upheld the district court's decision denying a motion to dismiss. *Id.* at 583–84. The court cited its earlier decision in *Midland Asphalt* as not barring a Rule 6(e) challenge when the resultant prejudice has an effect upon the determination of guilt or innocence. *Id.* at 583.

We therefore adhere to the holding of *Midland Asphalt* that interlocutory appeal is not available from pre-trial rulings on such questions. As we stated in *Midland Asphalt:*

> [A]dherence to the rule of finality is particularly important in criminal cases, "because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney v. United States,* 431 U.S. 651, 657, 97 S.Ct.

---

**2.** More recently, the Supreme Court made clear that a *pre-conviction* challenge may be made on the ground that errors in grand jury proceedings affected the decision to indict. *Bank of Nova Scotia v. United States,* — U.S. ——, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). Since the motion to dismiss the indictment was granted by the district court in *Nova Scotia,* that case does not address the appealability of a denial of such a motion.

**3.** The court assumed such violations *arguendo. Friedman,* 854 F.2d at 582.

2034, 2039, 52 L.Ed.2d 651 (1977) (quoting *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962)).

*Midland Asphalt*, 840 F.2d at 1042. This case does not fall within the limited class of exceptions to the rule of finality in criminal cases which have been accorded judicial recognition, *see id.*, and we would not be justified in creating a further exception.

With respect to the Helmsleys' request for a hearing concerning the allegations of prosecutorial misconduct, we note that the Department of Justice is investigating the matter, and that Judge Walker has ordered that he be furnished with both a status report concerning that investigation and "a complete report of the investigation detailing the scope of the investigation, the findings and its conclusions." We agree with that procedure, and our dismissal of this interlocutory appeal is not to be considered a condonation of any prosecutorial misconduct that may have occurred,[4] an indication that it should be considered lightly, or a preclusion of any remedy that may appear appropriate upon completion of the investigation.

 In the alternative, defendants request that if their appeal is dismissed, we treat the current application as a petition for a writ of mandamus. We are authorized to do so. *See Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 715 F.2d 54, 56 n. 1 (2d Cir.1983); *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir.1976). Mandamus is, however, an extraordinary remedy, which shall not issue absent compelling reasons of usurpation of power, clear abuse of discretion or an issue of first impression. *United States v. Coonan*, 839 F.2d 886, 889 (2d Cir.1988). As noted above, the primary issue currently raised by defendants-appellants has already been decided by this court. Having determined

that post-trial review is available to remedy any prejudice defendants-appellants may suffer, the application for mandamus must be denied.

The appeal is dismissed for want of appellate jurisdiction; mandamus is denied.

---

**4.** We note in this connection Judge Lasker's statement, in his endorsement order denying pre-indictment relief, *see supra* note 1, that "[l]eaks of pending indictments have become so commonplace as to make a mockery of the secrecy provisions of the grand jury," and Judge Walker's comment, during the hearing on the motion whose denial is the subject of this ap-

peal, that "it appears to me that this case was rife with Rule 6 violations." The indictment resulted from a joint investigation by federal and state authorities, and it is clear from the record that some information was supplied to the press by state, rather than federal, authorities. Numerous other press reports were attributed to anonymous law enforcement sources.