895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CRABTREE, Defendant-Appellant (Case No. 90-5207),
Douglas R. Beaty, Defendant-Appellant (Case No. 90-5208).
 Nos. 90-5207, 90-5208.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge*.
 
 ORDER
 
 2
 Defendants appeal orders of the district court denying their motions to dismiss a criminal indictment against them on grounds the government breached agreements not to prosecute. Defendant Beaty has filed an appellate brief in which he seeks reversal of the district court orders either through direct appeal or a writ of mandamus. He has also filed an emergency motion to stay the criminal trial scheduled to begin on Monday, February 12, 1990.
 
 
 3
 These appeals are the third and fourth interlocutory appeals taken from orders in the criminal proceedings below. As stated in our orders dismissing the two prior appeals, see United States v. Ford, et al., No. 90-5208 (6th Cir. Unpublished Order of February 7, 1990) and United States v. Schledwitz, No. 90-5074 (6th Cir.Unpublished Order of February 7, 1990), interlocutory (6th Cir. Unpublished Order of February 7, 1990), interlocutory appeals are strictly limited in criminal actions. See Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1497 (1989). As in the prior appeals, we conclude the orders now being appealed do not fall within the limited class of orders subject to immediate appeal. The defendants do not cite, and our research has not revealed, any post-Midland Asphalt decisions permitting interlocutory review of orders denying a motion to dismiss an indictment except in cases involving claims of double jeopardy. The denial of a motion to dismiss an indictment on grounds that an agreement not to prosecute was breached remains reviewable on a direct appeal taken after conviction and sentence. See e.g. United States v. Johnson, 861 F.2d 510 (8th Cir.1988); United States v. Irvine, 756 F.2d 708 (9th Cir.1984); United States v. Carter, 454 F.2d 426 (4th Cir.1972), cert. denied, 417 U.S. 933 (1974).
 
 
 4
 It is therefore ORDERED that these appeals are dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit. To the extent that defendant Beaty seeks a writ of mandamus, it is ORDERED that such relief is denied. See generally United States v. Davis, 873 F.2d 900, 910 (6th Cir.), cert. denied, 58 USLW 3258 (1989); United States v. Helmsley, 866 F.2d 19 (2d Cir.1988), cert. denied, 109 S.Ct. 1638 (1989). The motion for a stay is dismissed as moot.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation