William ROBINSON, Plaintiff,

v.

**PEOPLE OF the STATE OF ILLINOIS, Defendant.**

No. 90 C 3444.

United States District Court,
N.D. Illinois, E.D.

July 3, 1990.

---

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

William Robinson ("Robinson"), a prisoner at the Sandstone, Minnesota Federal Correctional Institution ("Sandstone"), brings this action in the nature of mandamus under 28 U.S.C. § 1361 ("Section 1361"). Robinson seeks to compel the State of Illinois to respond to a motion that he has filed in his state court criminal case in the Circuit Court of Cook County, asking removal of a detainer the State has lodged against Robinson at Sandstone.

According to Robinson, that motion was never placed on the Circuit Court's docket and the State has made no attempt to respond to it. Robinson would like to have the detainer removed so that he can become eligible for placement in a Community Treatment Center. Because he is now in federal custody, he erroneously believes it is appropriate for him to turn to a federal court for relief. Accordingly he asks leave to file in forma pauperis and proceed here on his mandamus request.

Although Robinson's just-described procedural misunderstanding is certainly excusable in a nonlawyer, his mandamus request is actually directed at the wrong party and presented to the wrong court. It requires only a brief discussion to explain why his current effort is mistaken in both those respects.

■ First, Robinson names the State itself as his targeted respondent, but the State has no obligation to respond to his Circuit Court motion absent an order of the judge before whom the motion is pending. Because the crux of Robinson's problem is not so much in getting the State to respond to his motion as in getting the state court to entertain it, the state judge who is hearing Robinson's motion should therefore be named as the respondent in this action.

■ That problem could of course be cured—either (1) by Robinson's reframing his pleading to name the state judge instead of the State or (2) by this Court's construing the mandamus request as an action against the state judge. But neither of those procedural steps would help Robinson here. Section 1361 explicitly restricts itself to actions against "an officer or employee of the *United States* or any agency thereof" (emphasis added). And this Court has no superintending function—let alone control—over the state court. Federal

courts have no general power to compel action by state officers, including state judicial officials (*Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir.1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); and numerous other authorities cited in those cases). If Robinson wants to compel judicial action on his motion, he should apply to the state court for mandamus relief (see *People ex rel. Knight v. O'Brien*, 40 Ill.2d 354, 363–64, 240 N.E.2d 686, 692 (1968) (per curiam)).

Thus no arguable legal basis exists for Robinson's mandamus request. This Court denies his motion for leave to file in forma pauperis and dismisses this action pursuant to 28 U.S.C. § 1915(d) (see *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).[1]

---

1. This opinion's reference to the procedural availability of a state mandamus remedy must not be mistaken as any indication that Robinson has an ultimate legal right to obtain such relief. Indeed, under the facts alleged in this case it would not appear that Robinson has any right to expect the State to remove the detainer. Robinson's state sentence does not expire until March 30, 1991 (he alleges his federal sentence runs out three days later). That would suggest that the State has lawful grounds for maintaining the detainer against Robinson even though his state sentence will have ended just before his currently projected release date from federal custody. That may be perceived by the State as a protective measure in the event Robinson obtains an earlier federal release than may now be projected. Documents attached to his mandamus request show that Robinson is now eligible for parole, creating the possibility that he could be released from federal custody before expiration of his state sentence. But *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976) teaches that no due process right (and that appears to mean no liberty interest) is implicated by the effect that the detainer is having on Robinson's eligibility for placement in a Community Treatment Center.