**Emanuel DEVOSE, Appellant,**

v.

**HERRINGTON, Officer, Cummins Unit, Arkansas Department of Correction; Massey, Officer, Cummins Unit, Arkansas Department of Correction; Willis Sargent, Warden, Cummins Unit, Arkansas Department of Correction; John Doe, LPN of Doctor, Maximum Security Unit, Arkansas Department of Correction; Pitts, Warden, Maximum Security Unit, Arkansas Department of Correction; Endell, Director, Arkansas Department of Correction, Appellees.**

No. 94–2074.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1994.

Decided Dec. 14, 1994.

Emanuel Devose, pro se.

David B. Eberhard, Asst. Atty. Gen., Little Rock, AR, for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

After being injured in a van accident while being transported between prison units, Arkansas inmate Emanuel Devose brought this 42 U.S.C. § 1983 action claiming various prison officials denied him adequate medical treatment for his injuries in violation of the Eighth Amendment. Devose later sought a preliminary injunction, contending prison officials had filed trumped-up disciplinary charges against him because of this lawsuit and were making him perform work duties beyond his capabilities. Faced with a motion that raised issues entirely different from those presented in Devose's complaint, the district court concluded that Devose had failed to allege circumstances that entitled him to a preliminary injunction, and denied his motion without a hearing. Devose appeals and we affirm.

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *See Dataphase Sys., Inc., v. C L Sys., Inc.,* 640 F.2d 109, 113 & n. 5 (8th Cir.1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir.1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. *See Stewart v. United States I.N.S.,* 762 F.2d 193, 198–99 (2d Cir.1985). Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

We affirm.