_____

Nos. 95-2757/2758/2760/2761EM
_____

Melvin Leroy Tyler, et al.,         *
                                    *
            Appellants,             *    Appeals from the United States
                                    *    District Court for the Eastern
    v.                              *    District of Missouri.
                                    *
Mel Carnahan, et al.,*              *    [UNPUBLISHED]
                                    *
            Appellees.              *
                    _____

            Submitted:  February 27, 1996

                Filed:  March 6, 1996
                    _____

Before FAGG, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                    _____


PER CURIAM.


    In this 42 U.S.C. § 1983 conditions-of-confinement action, sixteen
present and former inmates of the Farmington Correctional Center appeal the
district court's interlocutory rulings denying their motions for recusal,
appointment of counsel, injunctive relief, and consolidation with Tyler v.
Ashcroft, No. 95-1341 (8th Cir. Jan. 8, 1996) (unpublished per curiam).
We affirm.


    We conclude the inmates' conclusory assertions of judicial bias,
which we treat as a petition for a writ of mandamus, do not establish a
"clear and indisputable right" to recusal.  See In re Larson, 43 F.3d 410,
412 (8th Cir. 1994); Liddell v. Board of Educ., 677 F.2d 626, 643 (8th
Cir.), cert. denied, 459 U.S. 877-78 (1982).  We also find no abuse of
discretion in the district

_____

    *An official caption containing a complete list of parties is
on file and available for inspection in the Office of the Clerk of
the Court, United States Court of Appeals for the Eighth Circuit.

court's denial, without prejudice, of the inmates' motion for appointment of counsel. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (standard of review; factors to consider); Slaughter v. City of Maplewood, 731 F.2d 587, 588-89 (8th Cir. 1984). We further conclude the district court did not abuse its discretion in denying injunctive relief because the inmates--who alleged they were subjected to acts of retaliation and general difficulty in communicating with other inmate plaintiffs through intra-prison mail--made no showing of irreparable harm, and the allegations were not related to the claims raised in the complaint. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Assuming the inmates' challenge to the district court's order denying their motion to consolidate this action with Tyler v. Ashcroft is properly before us, it is meritless.

Finally, we grant the inmates' motion to expand the record and deny their motion to appoint an administrator for a deceased appellant. We decline appellees' request to impose sanctions.

The judgment of the district court is affirmed.

A true copy.

        Attest:


            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-