78 F.3d 589
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Melvin Leroy TYLER, et al., Appellants,
v.
Mel CARNAHAN, et al.,* Appellees.
 Nos. 95-2757, 95-2758, 95-2760, 95-2761EM.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 27, 1996.
Filed March 6, 1996.
 
 Before FAGG, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this 42 U.S.C. § 1983 conditions-of-confinement action, sixteen present and former inmates of the Farmington Correctional Center appeal the district court's interlocutory rulings denying their motions for recusal, appointment of counsel, injunctive relief, and consolidation with Tyler v. Ashcroft, No. 95-1341 (unpublished per curiam). We affirm.
 
 
 2
 We conclude the inmates' conclusory assertions of judicial bias, which we treat as a petition for a writ of mandamus, do not establish a "clear and indisputable right" to recusal. See In re Larson, 43 F.3d 410, 412 (8th Cir.1994); Liddell v. Board of Educ., 677 F.2d 626, 643 (8th Cir.), cert. denied, 459 U.S. 877-78 (1982). We also find no abuse of discretion in the district court's denial, without prejudice, of the inmates' motion for appointment of counsel. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir.1995) (standard of review; factors to consider); Slaughter v. City of Maplewood, 731 F.2d 587, 588-89 (8th Cir.1984). We further conclude the district court did not abuse its discretion in denying injunctive relief because the inmates--who alleged they were subjected to acts of retaliation and general difficulty in communicating with other inmate plaintiffs through intra-prison mail--made no showing of irreparable harm, and the allegations were not related to the claims raised in the complaint. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir.1995); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994). Assuming the inmates' challenge to the district court's order denying their motion to consolidate this action with Tyler v. Ashcroft is properly before us, it is meritless.
 
 
 3
 Finally, we grant the inmates' motion to expand the record and deny their motion to appoint an administrator for a deceased appellant. We decline appellees' request to impose sanctions.
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 *
 An official caption containing a complete list of parties is on file and available for inspection in the Office of the Clerk of the Court, United States Court of Appeals for the Eighth Circuit