_____

No. 95-3242
_____

Anthony B. Hale,                        *
                                        *
        Appellant,                      *
                                        *
    v.                                  *
                                        *
Frank W. Wood, Commissioner of          *   Appeal from the United States
Corrections; James H. Bruton,           *   District Court for the
Deputy Commissioner; Dennis             *   District of Minnesota.
Benson, Warden at Stillwater;           *
Richard Craven, Unit Director           *        [UNPUBLISHED]
at Stillwater; Dan Ferrise,             *
Industry Director at Stillwater         *
Prison,                                 *
                                        *
        Appellees.                      *


_____

            Submitted:  June 17, 1996

                Filed:  June 21, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


    Anthony B. Hale appeals from the district court's[1] denial of his
motion for preliminary injunctive relief.  Hale brought a 42 U.S.C. § 1983
suit against various Minnesota corrections officials, claiming they
violated his due process and equal protection rights by wrongfully
terminating him from his prison job and reassigning him to a new job that
paid less, paying him a wage rate that

_____

[1]The Honorable David S. Doty, United States District Judge for
the District of Minnesota.

violated Minnesota law, and taking aid-to-victim and tax deductions from his wages.

Hale subsequently sought injunctive relief and asked the court to reinstate his original job, repay his lost wages, and enjoin defendants from enforcing a Minnesota statute that required inmates to pay the costs of their confinement. Hale further requested the court enjoin defendants from retaliating against him. In later submissions in support of his motion, Hale alleged defendants had threatened to, and intended to, punish or injure him, and that such threats constituted evidence of irreparable harm. The district court denied Hale's motion for a preliminary injunction, concluding that Hale had not shown a threat of irreparable harm.

After reviewing the district court's decision for an abuse of discretion, we affirm. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). Hale failed to establish a threat of irreparable harm because the injuries he alleged as the basis for his claim for relief--wrongfully withheld wages, statutorily inadequate wages, and termination of his work assignment--were compensable through his section 1983 claim for money damages. See Roberts v. Van Buren Pub. Schs., 731 F.2d 523, 526 (8th Cir. 1984) (no irreparable harm where complete remedy available; if appellants prevailed on merits of action they would be entitled to reinstatement and backpay); Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (requirements for issuance of preliminary injunction). We reject Hale's contention that defendants' allegedly threatening and retaliatory behavior mandate granting injunctive relief, because Hale failed to establish a connection between these injuries and the conduct he challenged in his complaint. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (no preliminary injunction where motion for relief was based on assertions of retaliation that were entirely different from initial claim).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.