Luis A. LEBRON

v.

COMMISSIONER JOHN ARMSTRONG, et al.

No. 3:01 CV 241CFD WIG.

United States District Court, D. Connecticut.

Sept. 29, 2003.

**58**

Luis Angel Lebron, Suffield, CT, plaintiff pro se.

Robert F. Vacchelli, Attorney General's Office, Hartford, CT, for defendants.

### *RULING AND ORDER*

DRONEY, District Judge.

Plaintiff, Luis Lebron ("Lebron"), seeks a writ of mandamus to order the Connecticut Department of Correction to provide him, and all other inmates, legal materials upon request. He argues that the indigency policy of the Department of Correction, which requires an inmate to have less than $5.00 in his inmate account for ninety days to be considered indigent (and thus receive free mailing services), is unconstitutional and has deprived him of his right of access to the courts. The defendants have filed a motion to dismiss the petition for writ of mandamus. For the reasons that follow, Lebron's petition is denied and the defendants' motion is granted.

### I. *Mandamus*

■ Mandamus is an extraordinary remedy which, absent compelling circumstances, normally should not issue. *See United States v. Helmsley*, 866 F.2d 19, 22 (2d Cir.1988), *cert. denied*, 490 U.S. 1004, 109 S.Ct. 1638, 104 L.Ed.2d 154 (1989). Actions in the nature of mandamus are appropriate vehicles for prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty. *See Hernandez v. United States Attorney General*, 689 F.2d 915, 917 (10th Cir.1982) (federal court lacks jurisdiction to issue writ of mandamus to compel action by state court or state prison); *Robinson v. People of the State of Illinois*, 752 F.Supp. 248 (N.D.Ill.1990) (federal mandamus statute does not apply to actions against the state). Because the court cannot issue a writ of mandamus against state officials, Lebron's motion must be denied.

### II. *Preliminary Injunctive Relief*

Construing the petition liberally, as the court must when dealing with a pro se petition, the court construes the petition as a motion for preliminary injunction and considers the defendants' motion as their opposition to that motion.

### A. *Other Inmates*

■ Lebron seeks relief for himself and other inmates. A litigant in federal court

has a right to act as his own counsel. *See* 28 U.S.C. § 1654 ("in all courts of the United States the parties may plead and conduct their own cases personally or by counsel"). A non-attorney, however, has no authority to appear as an attorney for others. *See Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (quoting *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D.Tex.1975), *aff'd sub nom. Pilla v. American Bar Ass'n,* 542 F.2d 56 (8th Cir.1976)). Thus, Lebron may seek relief on behalf of himself only. Any request for relief on behalf of other inmate must be denied.

### B. *Standard of Review*

■■ "[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" *Buffalo Forge Co. v. Ampco–Pittsburgh Corp.,* 638 F.2d 568, 569 (2d Cir.1981) (quoting *Medical Society of New York v. Toia,* 560 F.2d 535, 538 (2d Cir.1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." *Vorbeck v. McNeal,* 407 F.Supp. 733, 739 (E.D.Mo.), *aff'd,* 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976).

■■■ In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.,* 212 F.3d 738, 743–44 (2d Cir.2000). Where the

moving party seeks a mandatory injunction, *i.e.,* injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. *Brewer,* 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." *Abdul Wali v. Coughlin,* 754 F.2d 1015, 1025 (2d Cir. 1985) (citations omitted), *abrogated on other grounds, Fromer v. Scully,* 874 F.2d 69, 74 (2d Cir.1989).

■■ Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. *See Citibank, N.A. v. Citytrust,* 756 F.2d 273, 275 (2d Cir.1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead,* 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono,* 162 F.3d 56, 61 (2d Cir.1998)).

### C. *Discussion*

■■ Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. *See Drywall Tapers & Pointers Local 1974 v. Local 530,* 954 F.2d 69, 76–77 (2d Cir.1992). Where, as here, "the record

before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed.1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

The defendants raise three grounds in support of their motion to dismiss this petition: (1) the issues in the petition are moot, (2) the petition fails to state a claim upon which relief may be granted and (3) Lebron lacks injury and standing to invoke the court's jurisdiction.

### 1. *Mootness*

█ When a claim becomes moot, because the relief sought is no longer needed, the claim generally is dismissed. *See Martin–Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). There is, however, a narrow exception to this principle. The court may decide a claim that, technically, is moot where the claim is " 'capable of repetition, yet evading review' " and the repetition will affect "the same complaining party." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 71 (2d Cir.) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) and *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam)), *cert denied sub nom. Dibari v. Bedford Cent. Sch. Dist.*, 534 U.S. 827, 122 S.Ct. 68, 151 L.Ed.2d 34 (2001).

The defendants have provided the affidavit of Counselor Supervisor Kenneth Bush who spoke with Lebron in December 2002. He reports that Lebron told him that his problems were resolved because he had obtained sufficient funds to purchase needed items. (*See* Doc. # 43.) In his December 18, 2002 response, Lebron states that he again is without funds and cannot obtain legal envelopes. (*See* Doc. # 44.)

█ Because the spendable balance in Lebron's inmate account appears to fluctuate, the court concludes that even if the incident that led to the filing of the petition for writ of mandamus has now been resolved, rendering the petition moot, the situation is capable of repetition. Thus, the defendants' motion is denied on the ground that Lebron's claim is moot.

### 2. *Failure to State a Claim*

█ The defendants argue that Lebron fails to state a claim upon which relief may be granted because he has not demonstrated that the defendants' indigency policy has violated his constitutional right of access to the courts.

In *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. The Court held that to show that the defendants violated his right of access to the courts, an inmate must allege facts demonstrating an actual injury stemming from the defendants' unconstitutional conduct. *See id.* at 349, 116 S.Ct. 2174. As illustration, the Court noted that if an inmate were able to show that, as a result of the defendant's action, he was unable to file an initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim, he could state a claim for denial of access to the courts. *See id.* at 351, 116 S.Ct. 2174. The Court, however, specifically disclaimed any requirement that prison officials en-

sure that inmates have sufficient resources to discover grievances or litigate effectively once their claims are brought before the court. *See id.* at 355, 116 S.Ct. 2174.

In his petition, Lebron does not allege that he suffered any actual injury as required under *Lewis.* He has not identified any action that he was unable to file or any case that was dismissed as technically deficient without a consideration of the merits of the claims. His assertion of delay in litigation does not constitute an actual injury under *Lewis. See Standley v. Lyder,* No. 99 CIV 4711 GEL, 2001 WL 225035, at *3 (S.D.N.Y. Mar. 7, 2001) (holding that delay in mail service without actual prejudice was insufficient to state a claim).

█ Instead, Lebron argues that he has a right to an immediate and unlimited supply of pre-paid envelopes and other supplies and that he should not have to balance his need for these items against other commissary purchases when determining how to spend his available funds. The Second Circuit has held that requiring an inmate to make choices in spending his available funds is not unconstitutional and does not deprive the inmate of his right of access to the courts. *See Nicholas v. Tucker,* 114 F.3d 17, 21 (2d Cir.1997), *cert. denied,* 523 U.S. 1126, 118 S.Ct. 1812, 140 L.Ed.2d 950 (1998). Thus, the defendants' motion to dismiss the petition should be granted.

█ In addition, Lebron's petition should be denied because the relief sought is not related to the underlying action. Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) (per curiam). Thus, to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See id.; see also Omega World Travel. Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

█ Here, the complaint concerns alleged injuries Lebron suffered when a correctional officer sprayed mace into a moving transport van and the denial of appropriate medical treatment for those alleged injuries. For relief, Lebron seeks damages and an order that he receive a thorough medical examination at the University of Connecticut Health Center. In this motion, Lebron challenges the definition of indigency applied by the Connecticut Department of Correction and seeks an immediate supply of paper, envelopes and copies of legal documents. Because the purported delay in obtaining these items is not related to the incident underlying this action, Lebron's motion is denied.

### III. *Conclusion*

Lebron's Motion for Writ of Mandamus for the D.O.C. [**doc. # 34**] is **DENIED** and the defendants' Motion to Dismiss Writ of Mandamus [**doc. # 41**], which has been construed as a motion to deny the requested injunctive relief, is **GRANTED** and the requested injunctive relief is denied.