# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1297

_____

Joel Marvin Munt

*Plaintiff - Appellant*

v.

Paul Schnell, Commissioner of Corrections; Mike Warner; David Coward

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: September 16, 2019
Filed: September 19, 2019
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Minnesota inmate Joel Marvin Munt appeals following the district court's[1] grant of defendants' motion to dismiss for failure to

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

state a claim. Munt has identified no valid basis for overturning the dismissal with prejudice, and we find none. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848-49 (8th Cir. 2014) (reviewing de novo grant of motion to dismiss for failure to state claim, accepting as true factual allegations and drawing all reasonable inferences in nonmovant's favor; requiring liberal construction of pro se complaint).

As to the other rulings Munt challenges, because we conclude that the complaint was properly dismissed for failure to state a claim, we need not address the denial of his motions for preliminary injunctive to the extent he sought the same relief he sought in his complaint. To the extent he sought preliminary injunctive relief arising from a disciplinary matter and a related transfer, the motions were properly denied because they were unrelated to the subject matter of the instant complaint. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (party moving for preliminary injunction is required to establish relationship between alleged injury in motion and conduct asserted in complaint). Finally, it was not an abuse of discretion to deny Munt's unsupported motion to recuse. See Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (en banc) (standard of review); see also Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (judge is presumed to be impartial, and party seeking disqualification bears substantial burden of showing otherwise). The judgment is affirmed. See 8th Cir. R. 47B.

_____