

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Thorn v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3049

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thorn v. Smith" (2006). *2006 Decisions*. Paper 115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3049
_____

JOSEPH THORN,
Appellant

v.

JOSEPH SMITH, Individually and in his capacity as Warden/USP
Lewisburg; US BUREAU OF PRISONS;
TROY WILLIAMSON; DAVE MOFFAT;
WARDEN D. SCOTT DODRILL; HARLEY G. LAPPIN
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-0016 )
District Judge: Honorable James F. McClure, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 9, 2006

Before:  RENDELL, SMITH and COWEN, Circuit Judges

(Filed December 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Joseph Thorn appeals from an order of the United States District Court for the

Middle District of Pennsylvania denying his motion for preliminary injunctive relief in his

civil rights action.

Thorn's amended complaint sought injunctive relief to alleviate crowded housing conditions at the Federal Prison Camp in Lewisburg, Pennsylvania and to block a planned expansion to house additional inmates, which he asserted violated his rights under the Eighth Amendment. Thorn also sought a temporary restraining order and a preliminary injunction ordering prison officials to stop the planned expansion to house additional inmates. On March 7, 2006, the District Court denied Thorn's request for a temporary restraining order. Thereafter, on May 23, 2006, the District Court, without conducting a hearing, denied Thorn's request for a preliminary injunction.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1). Because Thorn has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. See e.g., NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999). A plaintiff's failure to establish any element in his favor renders a preliminary injunction inappropriate. See id.

2

Furthermore, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

The District Court concluded that Thorn could not show that he would suffer irreparable harm absent issuance of the injunction. We agree. To show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury. See Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Although Thorn alleges that he is suffering irreparable physical and emotion harm, he fails to articulate any actual irreparable harm that he would suffer absent issuance of the injunction. Furthermore, the issuance of an injunction would be against the public interest. An injunction would impose a serious financial and administrative hardship on the federal prison system because it would require the reassignment of a large number of inmates to different facilities. Accordingly, Thorn has not established the elements necessary for the issuance of a preliminary injunction.

For the foregoing reasons, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

3