KENNETH R. ABRAHAM, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 441, 2008.
Supreme Court of Delaware.
Submitted: January 13, 2009.
Decided: February 18, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice.
This 18th day of February 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a),[1] it appears to the Court that:
(1) The defendant-appellant, Kenneth R. Abraham, filed an appeal from the Superior Court's August 7, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61.[2] The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[3] We agree and affirm.
(2) In September 2007, Abraham pleaded guilty to one count of Felony Theft. In accordance with the recommendation of the State, he was sentenced to 5 years at Level V, to be suspended upon his successful completion of the Greentree Program for 18 months of Level III probation. Abraham did not file a direct appeal.
(3) In this appeal from the Superior Court's denial of his postconviction motion, Abraham asserts eight separate claims, which may fairly be summarized as follows: his dismissal from the Greentree Program was in retaliation for suing prison officials and complaining to The News Journal, with the result that he must serve all five years of his Level V sentence, constituting a breach of his plea agreement with the State.[4]
(4) Abraham has failed to state a claim upon which postconviction relief may be granted.[5] His dismissal from the Greentree Program does not constitute a breach of his plea agreement with the State. The record reflects that the State's plea agreement with Abraham only required the State to recommend a sentence of 5 years at Level V, to be suspended upon Abraham's successful completion of the Greentree Program for 18 months at Level III probation. The State did not, and could not, guarantee Abraham's completion of the Greentree Program. In the absence of any evidence in the record before us that the State failed to fulfill its part of the bargain,[6] we conclude that the Superior Court properly adopted the Commissioner's report recommending that Abraham's motion for postconviction relief be denied.
(5) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED.
The judgment of the Superior Court is AFFIRMED.[7]
NOTES
[1] We also consider the appellant's motions to amend and for oral argument, which were filed on December 9, 2008, and his motions for an injunction and for the appointment of counsel, which were filed on January 13, 2009.
[2] The Superior Court adopted the report of the Commissioner, which recommended that the postconviction motion be denied. Del. Code Ann. tit. 10, § 512(b); Super. Ct. Crim. R. 62.
[3] Supr. Ct. R. 25(a).
[4] To the extent that Abraham claims that his guilty plea was involuntary, he has failed to provide the factual support necessary for our consideration of that claim. Tricoche v. State, 525 A.2d 151, 154 (Del. 1987).
[5] Super. Ct. Crim. R. 61(a) (1).
[6] Johnson v. State, Del. Supr., No. 580, 2002, Veasey, C.J. (Jan. 30, 2003).
[7] Abraham's motions to amend, for oral argument, for an injunction and for the appointment of counsel are denied as moot.