

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2009

# Kenneth Abraham v. Carl Danberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4379

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kenneth Abraham v. Carl Danberg" (2009). *2009 Decisions.* Paper 1482.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1482

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-146                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4379
_____

KENNETH R. ABRAHAM,
                                        Appellant

v.

COMMISSIONER CARL DANBERG; WARDEN PHELPS;
DELAWARE DEPARTMENT OF CORRECTIONS;
MICHAEL BRYAN; PATRICK SMITH
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-00311)
District Judge:  Honorable Sue. L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: April 24, 2009)
_____

OPINION
_____

PER CURIAM

Kenneth Abraham, an inmate at the James T. Vaughn Correctional Center, appeals from an order by the District Court denying his motion for a preliminary injunction. For the reasons that follow, we will dismiss Abraham's appeal.

I.

Abraham filed a lawsuit pursuant to 42 U.S.C. § 1983 seeking injunctive relief regarding his access to the prison law library. Abraham was working on a post-conviction brief due in the Delaware Supreme Court and requested that the SHU library provide him with six out-of-state cases that were cited in a footnote of the Delaware Supreme Court opinion, Cole v. State, 922 A.2d 354 (Del. 2005). The brief was due on November 19, 2008, and Abraham argued that these cases, which were published in the Southern, Pacific, and Northwest Reporters, may be helpful to his case. The library denied his repeated requests, informing Abraham that cases outside of the Third Circuit were "not available." Abraham alleged that the library also ignored his questions and, at times, completely failed to respond to his requests in order to purposely hinder his litigation. On September 23, 2008, Abraham moved the District Court for a preliminary injunction directing the SHU law library to provide him with the six out-of-state cases and mandate timely responses to his research requests.

The District Court denied Abraham's motion because he could not meet the requirements for injunctive relief. Abraham appeals. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Because Abraham is proceeding in forma pauperis, we must dismiss

the appeal under 28 U.S.C. § 1915(e)(2)(B) if it is legally frivolous. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

## II.

Ordinarily, an appellate court uses a three-part standard to review a district court's decision to grant or deny a preliminary injunction: findings of fact are reviewed for clear error, conclusions of law are evaluated under a plenary standard, and the ultimate decision to grant the preliminary injunction is reviewed for abuse of discretion. However, when First Amendment rights are at issue, we have a "constitutional duty to conduct an independent examination of the record as a whole . . ." Rogers v. Corbett, 468 F.3d 188, 192 n.5 (3d Cir. 2006).

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To show a First Amendment violation, an inmate must show that he was actually injured by the alleged denial of access. Lewis v. Casey, 518 U.S. 343, 350 (1996). Such an injury would occur, for example, if an inmate "was so stymied by inadequacies of the law library that he was unable even to file a complaint." Lewis, 518 U.S. at 351; see also Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997) (defendants' actions resulted in the "loss or rejection of a legal claim.") The Constitution does not require a prison to enable an inmate to litigate as effectively as one would like once in court. Lewis, 518 U.S. at 354.

Abraham has not demonstrated that he sustained actual injury. Abraham was given a copy of Cole v. State and as the District Court noted, Abraham has previously practiced law and should know that state court decisions from states other than Delaware have no precedential value in Delaware courts. Besides, Abraham merely alleged that these out-of-state cases "could" be helpful or "may" be key, thereby suggesting that they were not essential to his claims. Moreover, the record indicates that the SHU paralegal provided Abraham with substantial assistance and accommodated his research requests in a timely matter, and even Abraham's own exhibits show that the library provided him with the cases they had readily available. Finally, according to Delaware Supreme Court's docket, Abraham filed his brief. See Abraham v. State, 2009 Del. LEXIS 8, No. 441, 2008 (Del. Feb. 18, 2009). Thus, he has not shown that he was hindered in his

4

efforts to pursue his legal claims and the denial of his motion for a preliminary injunction was, therefore, proper. <u>Lewis</u>, 518 U.S. at 351.

For the foregoing reasons, we will dismiss Abraham's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). His outstanding motions are all denied.