**George GOFF, Plaintiff–Appellee,**

**v.**

**Charles HARPER, Defendant–Appellant.**

**Crispus Nix, Defendant.**

**Ronald Welder, Defendant–Appellant.**

**John Henry, Defendant.**

**No. 94–3915.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided July 26, 1995.

Kristin Ensign, Des Moines, IA, argued, for appellant.

Jason Walke, Iowa City, IA (student intern), argued, Barbara A. Schwartz and John B. Whiston, Iowa City, IA, on brief, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

McMILLIAN, Circuit Judge.

Defendants Charles Harper and Ron Welder, employees of the Iowa State Penitentiary, appeal from an order entered in the United States District Court for the Southern District of Iowa, granting plaintiff-inmate George Goff's motion for a preliminary injunction prohibiting them from participating in any disciplinary proceeding involving Goff during the pendency of his underlying civil rights action. For reversal, they argue that the district court improperly applied the test for granting a preliminary injunction which we set out in *Dataphase Systems v. C.L. Systems*, 640 F.2d 109 (8th Cir.1981) (en banc) (*Dataphase*). For the reasons discussed below, we vacate the injunction and remand the case to the district court for further proceedings consistent with this opinion.

Goff is an inmate in the Iowa State Penitentiary. He is a frequent litigant and has been a party to numerous cases before our court. In July 1990, he filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants used the prison disciplinary system to punish those prisoners, including himself, who filed lawsuits against the prison. Harper is an administrative law judge at the penitentiary, and Welder is the warden's representative who responds to inmate appeals of prison disciplinary hearings. Goff alleged that prisoners filing lawsuits against the prison were punished unfairly in

that they received disproportionately severe disciplinary sanctions, e.g., longer periods in administrative segregation.

On December 14, 1993, Goff filed a motion for a preliminary injunction to prevent defendants from participating in any disciplinary hearings to which he might be subject during the pendency of his lawsuit. In support of this motion, Goff submitted a copy of a disciplinary decision dated November 22, 1993, signed by Harper. Goff had apparently requested a continuance of the disciplinary proceeding so that he could file his request for a preliminary injunction disqualifying defendants from participation in any of his disciplinary hearings. In denying this request, Harper indicated that he found it difficult to believe that a federal court would entertain such action. Further, Goff alleges that Harper indicated that he considered Goff's intent to seek an injunction as a "false statement." Under prison rules, a false statement could be the basis for disciplinary sanction.

Between the time Goff filed his motion for an injunction and the district court's order granting it, the district court heard three days of testimony. In its order issuing the injunction, the district court stated that Goff could "likely suffer substantial harm" if defendants serve on a disciplinary committee reviewing him and impose a harsher sentence on him in retaliation for the present action. *Goff v. Harper*, No. 4:90–CV–50365, slip op. at 2 (S.D.Iowa Oct. 21, 1994) (Order). Further, the district court reasoned that the harm to defendants would be minimal in that they would only have to find replacements to serve on the disciplinary committees. The district court also concluded that Goff had shown at least a fifty percent likelihood of success on the merits of his underlying claim. *Id.* This appeal followed.

■ "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase*, 640 F.2d 109 at 114. The burden of proving that a preliminary injunction should

be issued rests entirely with the movant. *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir.1989) (en banc). We review a district court's grant or denial of preliminary injunctive relief for an abuse of discretion or misplaced reliance on an erroneous legal premise. *Id.* While no single factor in the balancing of the equities is determinative, the absence of a finding of irreparable injury is sufficient grounds for vacating a preliminary injunction. *Id.* at 738.

In reaching its conclusion to grant a preliminary injunction, the district court put great reliance on *Mahers v. State*, No. 3–011/91–1846, 513 N.W.2d 421 (Iowa Ct.App. 1993) (per curiam). Harper was a defendant in that case as well. Mahers, a prison inmate, sought postconviction relief from a decision in a prison disciplinary proceeding. Because Harper also was a defendant in a federal civil rights lawsuit filed by Mahers, the Iowa Court of Appeals held that Harper should not participate in the rehearing that the court granted to Mahers. This holding is, of course, not binding authority for the district court. Furthermore, the scope of *Mahers* is much more limited than the scope of the district court's order in the present case. The Iowa Court of Appeals did not enjoin Harper from sitting on any disciplinary committee which might review Mahers' future alleged conduct violations; rather, the court held that Harper could not participate in a rehearing of the disputed matter which was remanded by the Iowa Court of Appeals for a new hearing. The district court failed to appreciate this significant limitation in *Mahers*.

■ Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir.1982) (*Rogers*). Although *Rogers* did not involve a preliminary injunction, we nonetheless find its analysis helpful. In *Rogers*, a group of inmates who practiced the Muslim religion sought money damages and injunctive relief under 42 U.S.C. § 1983 for an alleged violation of their rights to freely exercise their religion. The

district court denied money damages but ordered substantial equitable relief against prison officials, including precise directions on the accommodations to be made to members of the Muslim religion at the prison. Our court reversed the grant of injunctive relief in part because a substantial portion of the district court's order granted injunctive relief without any finding of constitutional or statutory deprivation. *Id.* at 1214. We concluded that for an injunction to issue "a right must be violated" and that "the court must determine" whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* (citations omitted). Further addressing the issue of when a situation is ripe for injunctive relief, we noted that "[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.*

The district court enjoined Harper and Welder from participating in all hearings on any alleged future disciplinary violations involving Goff which might arise during the pendency of the present litigation. We think it is simply too speculative to enjoin Welder and Harper from participating in any future potential disciplinary hearings involving Goff which might arise during the pendency of the present litigation because of a fear that, if given the opportunity, Welder and Harper will unconstitutionally discriminate against him. Before Welder or Harper would even have the opportunity to impose an unfair disciplinary sanction, Goff would have to commit or be accused of a conduct violation. Even assuming the harm alleged would be irreparable, the threat of this harm is too remote. Thus, Goff has failed to make the requisite *Dataphase* showing of a threat of irreparable harm. *See O'Shea v. Littleton,* 414 U.S. 488, 496–97, 94 S.Ct. 669, 676–77, 38 L.Ed.2d 674 (1973).

Accordingly, we hold that the district court abused its discretion in granting Goff's motion for a preliminary injunction. The in-

junction is therefore vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.[1]

---

1. We express no opinion on the merits of the underlying civil rights suit, and our disposition does not in any way provide a shield for any future misconduct by defendants.

