_____

No. 96-2184
_____

Laura Berry,                           *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       * Appeal from the United States
Jay L. Oswalt; Gaylon Lay;             * District Court for the
Jay Blankenship, Warden                * Eastern District of Arkansas.
Virginia W. Wallace; Larry             *
Norris, Director; D. D. Cook;          *
Katherine Green; Kevin Murphy;         *
C.O.-1 Wright; C.O.-1 R. Reed;         *          [UNPUBLISHED]
Sgt. Tammy Patton, formerly            *
known as Tammy Ridgeway; A.            *
Bradley, Classification Officer,*
                                       *
          Appellees.                   *


_____

              Submitted:  November 18, 1996

                  Filed:  January 23, 1997
_____

Before McMILLIAN, Circuit Judge, Henley, Senior Circuit Judge, and MORRIS
     SHEPPARD ARNOLD, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


     Laura Berry, an inmate of the Tucker Women's Unit of the Arkansas
Department of Correction, appeals from the district court's[1] denial of her
motion for a preliminary injunction.  We affirm.


     The district court correctly held that Berry was not entitled to
preliminary injunctive relief on her legal mail and "legal

_____

     [1]The Honorable James M. Moody, United States District Judge
for the Eastern District of Arkansas.

trunk" claims. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). "'[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Dataphase, 640 F.2d at 114). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." Id. "We review a district court's grant or denial of preliminary injunctive relief for an abuse of discretion or misplaced reliance on an erroneous legal principle." Id.

As to the legal mail claim, at an evidentiary hearing Major Luckett, chief of security at Tucker, testified that the prison's mail policy regarding outgoing legal mail required officers to review documents inside envelopes marked "legal mail" to "make sure they are legal documents." He explained that the policy was necessary because of security concerns. He further explained that officers did not read the documents, but only "skimmed" them to verify that they were in fact legal, and after an officer verified the documents he returned the documents and the envelope to the inmate, who would seal the envelope before mailing. In response to questioning by the court, Luckett confirmed that an officer was "only to check the mail as far as necessary to confirm that it is going to a lawyer," and that if an officer read a letter addressed to a lawyer he or she would be violating the policy. Luckett stated that he knew of no violations of the policy.

At the hearing, Officer Angela Lovett testified that on one occasion she attempted to verify Berry's legal mail. According to Lovett, Berry took some grievance forms and a piece of notebook paper out of an envelope and gave them to Lovett for verification. As Lovett was "skimming" the page of notebook paper, Berry

complained that Lovett was reading her mail. Lovett offered Berry the opportunity to have another officer verify the mail, but Berry declined. According to Lovett, when she "skimmed" a document she did not read it, but only looked for something that "caught" her eye which would indicate that the document pertained to a legal matter. In this case, Lovett stated that she did not see an attorney's name on the page or anything else indicating it was legal mail. In fact, Lovett testified that she could not have read the page because she could not decipher Berry's handwriting.

Although Berry had alleged that the prison's mail policy required prison officials to read inmates' outgoing legal mail, see Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994) ("prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail"), the district court correctly held that Berry failed to demonstrate the existence of such a policy, which, we believe, indeed might pose a threat of irreparable harm. In addition, we do not believe that Berry even proved that Lovett violated the verification policy or a likelihood that the policy was unconstitutional. Even if she had, an isolated violation still would not necessarily be cause for issuance of a preliminary injunction. See Goff, 60 F.3d at 521.

Although at this stage we express no opinion on the merits of the policy, we note that in Bell-Bey v. Williams, 87 F.3d 832 (6th Cir. 1996), the Sixth Circuit rejected an inmate's challenge to a prison mail policy, which required prison officials to "inspect" outgoing legal mail to determine whether the mail was in fact legal mail. The court upheld the policy, noting that there was no proof that the policy directed officials to read prisoners' legal mail. Id. at 839. In addition -- and we believe importantly -- the court noted that there were "procedural safeguards to ensure that a prison employee only looks for identifiable information." Id. Under the policy at issue, "1) the official's inspection [wa]s

limited to scanning legal mail for docket numbers, case title, requests for documents, et cetera; 2) the inspection [wa]s conducted in the prisoner's presence in his cell; and 3) the prisoner [could] seal his mail after the inspection [wa]s completed."  Id. at 837.

As to Berry's claim concerning removal of a trunk containing legal materials from her cell, the district court correctly concluded that she failed to demonstrate a threat of irreparable harm.  Prison officials did not require destruction of her legal materials, but merely required storage of them elsewhere.  As the district court noted, Berry had not demonstrated how storage of the materials outside her cell would impair her access to the courts.  See Lewis v. Casey, 116 S. Ct. 2174, 2179-82 (1996).

Accordingly, we affirm the denial of preliminary injunctive relief.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-