# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4112

_____

| | | |
|---|---|---|
| James McAlphin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| R. Morgan, Warden, Tucker | * | |
| Maximum Unit, Arkansas Department | * | |
| of Correction; G. Harmon, Warden, | * | |
| Tucker Maximum Security Unit, | * | |
| Arkansas Department of Correction; | * | |
| Mr. McIntosh, Classification Officer, | * | |
| Maximum Security Unit, Arkansas | * | |
| Department of Correction; R. | * | |
| Wimberly, Major, Maximum | * | |
| Security Unit, Arkansas Department | * | Appeal from the United States |
| of Correction; Sergeant M. Bell, | * | District Court for the Eastern |
| Tucker Maximum Security Unit, | * | District of Arkansas. |
| Arkansas Department of Correction; | * | |
| State Investigator Davis; K. Waddle, | * | [PUBLISHED] |
| Grievance Officer, Tucker Maximum | * | |
| Security Unit, Arkansas Department | * | |
| of Correction; T. Mayo, CO-I, | * | |
| Maximum Security Unit, Arkansas | * | |
| Department of Correction; Peterson, | * | |
| CO-I, Maximum Security Unit, | * | |
| Arkansas Department of Correction; | * | |
| Keith Crockett, Sergeant, Tucker | * | |
| Maximum Security Unit, Arkansas | * | |
| Department of Correction, originally | * | |
| sued as Crockett; Tonya Forrest, | * | |

CO-I, Maximum Security Unit,           *
Arkansas Department of Correction,     *
originally sued as Forrest; David Knott, *
Sergeant, Maximum Security Unit,       *
Arkansas Department of Correction,     *
originally sued as Knott,              *
                                       *
            Appellees.     _____*_____

                 Submitted:  June 28, 2000

                 Filed:   July 5, 2000
                     _____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.
                     _____

PER CURIAM.

        Prisoner James McAlphin appeals the district court's dismissal of his 42 U.S.C. § 1983 action in which McAlphin alleges various Arkansas Department of Corrections employees (collectively the defendants) violated McAlphin's constitutional rights by, among other things, forcing him to assault other inmates, improperly placing him in punitive isolation and administrative segregation, assaulting him, and improperly classifying him.  The district court dismissed McAlphin's complaint without prejudice and denied McAlphin's motions for leave to file an amended complaint, for preliminary injunction, and for a default judgment against defendants Davis and Wimberly.

        On appeal, McAlphin contends the district court improperly dismissed his complaint after concluding McAlphin failed to exhaust his administrative remedies before filing his § 1983 action as required by 42 U.S.C. § 1997e(a) (Supp. III 1997). Although McAlphin has submitted to this court evidence indicating that his administrative remedies as to at least one of his claims may have indeed been exhausted

-2-

before he filed his § 1983 action, McAlphin neither attached this evidence to his § 1983 complaint nor alleged full exhaustion in his complaint. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam) (to satisfy requirements of § 1997e(a), prisoner "must allege . . . that [he] . . . exhausted all available . . . administrative remedies" and "should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint"). Because McAlphin did not present this evidence to the district court, McAlphin did not satisfy his burden of showing that he exhausted available administrative remedies and the district court properly dismissed his complaint without prejudice. See § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Rivers-Frison v. Southeast Missouri Community Treatment Ctr., 133 F.3d 616, 619 n.2 (8th Cir. 1998) ("[w]e will not allow a party to place an incomplete record before the district court and then, after correcting any deficiencies noted by that court, to complain of error on appeal").

We have reviewed McAlphin's remaining claims on appeal and reject them as well. First, the district court did not commit error in denying McAlphin's motion for leave to file an amended complaint adding additional defendants and new claims because, again, McAlphin submitted no evidence that he exhausted his administrative remedies as to the new claims. Second, the district court did not abuse its discretion in denying McAlphin's motion for preliminary injunction because, as the district court concluded, McAlphin provided no specific facts supporting his motion. See Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995) (standard for evaluating motion for preliminary injunction in prison context). Finally, the district court properly denied McAlphin's motion for a default judgment against defendants Davis and Wimberly because neither defendant was properly served.

Having carefully reviewed the record and the parties' submissions, we affirm without further discussion.

A true copy.

Attest:

                 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.