# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-2032

_____

Cesar De La Garza,                                      *
                                                        *
              Appellant,                  *
                                                        *
                                                        *  Appeal from the United States
      v.                                      *  District Court for the
                                                        *  District of Minnesota.
Joan Fabian; Erik Skon; Jessica                         *
Symmes; Make Thielen; Lacie                             *  [UNPUBLISHED]
Stevenson; Lynn Dingle; Jane Norman,                    *
sued in their individual and official                   *
capacities,                                             *
                                                        *
              Appellees.                  *

_____

Submitted: July 18, 2008
Filed: August 5, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

      State prisoner Cesar De La Garza brings this interlocutory appeal challenging the district court's[1] orders denying his motions for counsel and preliminary injunctive relief in his pro se 42 U.S.C. § 1983 lawsuit. This appeal is timely, however, only as

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

to the order denying De La Garza's second two motions for preliminary injunctive relief. *See* Fed. R. App. P. 4(a)(1)(A), 4(c)(1). After careful review, we conclude that the district court did not abuse its discretion in denying those motions. *See Lankford v. Sherman*, 451 F.3d 496, 503-04 (8th Cir. 2006) (district court has broad discretion when ruling on preliminary injunctions and this court reverses only for abuse of that discretion, which occurs where district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions); *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005) (for court to enter preliminary injunction, it must find that moving party will be irreparably harmed absent injunction); *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (in prison context, request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration).

Accordingly, the district court's order is affirmed.

_____