CLD-287                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1840
_____

RUSSELL STEEDLEY,
                                        Appellant

v.

JAMES MCBRIDE, RMD; CORRECTIONAL MEDICAL SERVICES;
RICHARD KERNEY, Bureau Chief for Department of Corrections;
CORRECT CARE SOLUTIONS, Inc.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:10-cv-00215)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2013)
_____

OPINION
_____

PER CURIAM

    Appellant Russell Steedley appeals pro se from the District Court's order denying

Steedley's motion for preliminary injunction.  Because the appeal presents no substantial

question, we will summarily affirm the District Court's order.

I.

In March 2010, Appellant Russell Steedley, a prisoner at the James T. Vaughn Correctional Center ("JTVCC") in Delaware, filed a pro se civil rights complaint in the U.S. District Court for the District of Delaware against Correctional Medical Services, Inc. ("CMS"), a private corporation that provided medical services for the Delaware Department of Corrections ("DOC") in June 2010, and its acting Regional Medical Director at JTVCC, James McBride. In his complaint, Steedley asserted that CMS and McBride had violated his constitutional rights for allegedly failing to adequately test or otherwise treat two large lumps on Steedley's body; lumps which he (and several medical professionals) worried could pose a serious health risk. In May 2010, Steedley amended his complaint to add Dr. Rivera, a physician for the DOC, and Richard Kerney, the Bureau Chief for the DOC. In June 2010, the District Court sua sponte dismissed the complaint as frivolous without leave to amend, and Steedley filed a timely notice of appeal. This Court upheld the dismissal of Steedley's complaint, but vacated the District Court's judgment in order to allow Steedley to amend his complaint. See C.A. No. 10-2879. In January 2012, Steedley filed an amended complaint, adding Correct Care Solutions, LLC ("Correct Care"), which took over the provision of medical services to the DOC after June 2010, as a defendant.[1]

In January 2013, Steedley filed a motion for preliminary injunction,[2] seeking an injunction requiring CMS or its successor to provide medical care related to two lumps

---

[1] Steedley's amended complaint also removed Dr. Rivera as a named defendant.
[2] Service of Steedley's motion was not effected upon James McBride or Richard Kerney.

on his body, specifically that an outside specialist be allowed to examine the lumps. On March 22, 2013, the District Court entered an order denying Steedley's motion for preliminary injunction, finding that Steedley had not demonstrated the likelihood of success on the merits, or that he was in danger of suffering irreparable harm, as he continues to receive medical care and monitoring of his condition. Steedley timely appealed the District Court's order.

## II.

We have appellate jurisdiction to review an order denying a motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1). We review a district court's ultimate decision to deny a preliminary injunction for abuse of discretion, but we exercise plenary review over legal conclusions and review findings of fact for clear error. Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

## III.

The District Court correctly denied Steedley's motion for preliminary injunction. As noted by the District Court, preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citing Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. "The burden lies with the plaintiff to establish every element in its

3

favor, or the grant of a preliminary injunction is inappropriate." P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC., 428 F.3d 504, 508 (3d Cir. 2005). Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Concerning Steedley's claims that the Appellees' actions are constitutional violations of his civil rights and constitute deliberate indifference to his serious medical needs, we agree with the District Court's determination that Steedley has failed to demonstrate the likelihood of success on the merits. When seeking to establish a constitutional violation relating to medical treatment, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

In the instant case, it is clear from the record that Steedley has had the relevant lumps for most of his life with very little change, that they are likely benign, that Steedley

4

received medical care at JTVCC for his condition, and that he continues to receive medical care and monitoring. Accordingly, there is nothing to suggest that the defendants are intentionally denying or delaying medical care. Rather, it appears that Steedley merely disagrees with their assessment of his medical needs, which does not rise to the level of deliberate indifference. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). As a result, Steedley has failed to establish the likelihood of success on the merits.

As Steedley has the burden to establish every element of the four-part test for determining whether a preliminary injunction should be granted, Steedley's failure to show the likelihood of success on the merits alone establishes that he is not entitled to a preliminary injunction. See Yonkers, 428 F.3d at 508. Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.