**CLD-272**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4360
_____

DANIEL WESLEY,
                                   Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
VINCENT MOONEY; ANTHONY LUSCAVAGE; MR. BAKER; KATHRYN K.
MCCARTY; ALAN J. POPICK, sued in their Individual and Official capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:13-cv-02226)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 16, 2014)
_____

OPINION
_____

PER CURIAM

Daniel Wesley, a state prisoner, filed a pro se complaint against prison officials and medical staff, asserting that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, he alleged that they refused him surgery to reverse a colostomy on the basis of non-medical cost considerations. He further alleged that the refusal caused him to suffer pain and a parastomal hernia. Attached to his complaint, he included grievances and prison officials' responses thereto, which discussed his course of medical treatment and a physician's opinion that the risk of colostomy reversal outweighed the benefits.

Relatively shortly after he filed his complaint, Wesley filed a motion for a preliminary injunction. Seeking an order for colostomy reversal surgery, Wesley stated that he was likely to succeed on the merits of his complaint based on his allegations. He further alleged that he would suffer irreparable harm, namely serious physical injury, if the colostomy were not reversed. Four defendants (those who had received the complaint at that point) opposed the motion.[1] Wesley separately moved for appointment of counsel.

The District Court denied both of Wesley's motions. For the purposes of the motion for a preliminary injunction, the District Court reasoned that, at the early stage of the case and given the pending motion for dismiss, Wesley had not shown a reasonable probability of success on the merits. The District Court also concluded that Wesley was

_____

[1] As a group, they also filed a motion to dismiss the complaint.

not in danger of irreparable harm based on the record of medical treatment and absence of medical evidence in support of Wesley's allegations. The District Court also denied the motion for appointment of counsel without prejudice to renewed motion later in the proceedings. Wesley appeals.[2]

First, we consider the scope of our jurisdiction. Appellate jurisdiction attaches over an appeal from a final order under 28 U.S.C. § 1291, from a collateral order under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949), from an appropriate order relating to the grant or denial of injunctive relief under 28 U.S.C. § 1292(a), and questions certified pursuant to 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b). See In re Briscoe, 448 F.3d 201, 211 (3d Cir. 2006). We may review the District Court's order denying the motion for a preliminary injunction as an interlocutory order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). However, the order denying the motion for appointment of counsel is not a final order or otherwise appealable at this time. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984) (holding that an order denying a motion for appointment of counsel may be reviewed only on appeal from the final judgment). We must dismiss that aspect of this appeal for lack of appellate jurisdiction.

---

[2] He has submitted two documents in support of his appeal, which we have reviewed.

We "review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). Furthermore, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Upon review, we will summarily affirm the District Court's denial of the motion for a preliminary injunction because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. The District Court did not err in concluding that a preliminary injunction was not warranted on the record before it. In his motion for a preliminary injunction, Wesley sought the same ultimate injunctive relief that he sought in his complaint. He relied on the complaint, which, along with its allegations of a medical decision based on cost-containment reasons, included information that suggested

4

a disagreement about a course of medical treatment provided in a prison. Accordingly, the likelihood of Wesley's success on the merits was unclear. Additionally, Wesley did not make a clear showing of immediate irreparable harm, especially given the information in the record about his course of treatment. In short, the District Court did not err in concluding that Wesley did not meet the standard for the issuance of a preliminary injunction.

For these reasons, to the extent that we have jurisdiction over this appeal, we will affirm the District Court's judgment. The appeal is otherwise dismissed for lack of jurisdiction.