IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Bruce Wood, )
    Plaintiff, )
             )
        v. )     C.A. No. N14C-04-264 ALR
             )
Brian Collison, Department of )
Correction, )
    Defendants. )

*Upon Plaintiff's Motion for an Emergency Injunction*
**DENIED**

Plaintiff Bruce Wood filed a complaint against the Department of Correction and Corrections Officer Brian Collison. Defendants have been served, and have filed Answers. The case is scheduled for trial on March 2, 2015. Plaintiff has now filed a "Motion for Emergency Injunction" stating, in part, that Department of Correction has engaged in retaliation against him since Plaintiff filed this lawsuit. Specifically, Plaintiff complains of a drug test on June 7, 2014, being subject to a search of his "living area" on June 7, 2014, and being subject to a strip search on June 25, 2014. Plaintiff seeks a court order granting an "emergency injunction" against "retaliation and harassment."

In consideration of Plaintiff's Motion for An Emergency Injunction, the response in opposition filed thereto by the Department of Correction and Collison, and Plaintiff's reply, the Court finds as follows:

1. Assuming arguendo that this court has the authority to issue the injunctive relief sought by Plaintiff, to obtain injunctive relief "the moving party must demonstrate a reasonable probability of success on the merits, that absent injunctive relief, irreparable harm will occur, and that the harm the movant will suffer if the requested relief is denied outweighs the harm the opponents will suffer if relief is granted."[1] The burden on the moving party is rigorous; the relief accomplished by a preliminary injunction is extraordinary.[2] "Relief will not be granted merely to allay the fears or apprehension of the plaintiff where there is no showing or reasonable ground for believing that the defendant is about to commit the wrongs complained of or where it appears that he is without the opportunity or intention of doing so."[3] A preliminary injunction will be ordered only where the Court is persuaded that equity demands relief to avoid a serious injury that will occur before a final disposition on the merits can be made.[4]

---

[1] *Hollinger Inc., v. Hottinger Int'l, Inc.,* 858 A.2d 343, 371 (Del. Ch. 2004).
[2] *See Frazer v. Worldwide Energy Corp.,* 1987 WL 8739, at *5 (Del. Ch. Feb. 19, 1987).
[3] *State v. Del State Educ, Ass'n,* 326 A.2d 868, 876 (Del 1974).
[4] *See id.*

2. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.[5]

3. DOC has the expertise and experience to manage the day to day activities within the prisons. Courts defer to both the legislature and executive branches with respect to policies within the prison institutions, including discipline guidelines, grievance procedures and the administration of inmates in general.[6] The Court does not oversee or direct the prison system. The Court's obligation is to simply protect inmates' constitutional or statutory rights, and it will not assume the role of an administrator of the numerous grievances filed by unhappy prisoners.[7]

4. Wood contends that respondents have subjected him to a campaign of retaliatory harassment. He claims that he was singled out for a random drug test. Woods also complains that he has been singled out and searched for no reason, because he "has only been shook down, searched and strip searched a couple of times in the 8 years he has been incarcerated."[8]

5. Searches of cells are necessary for institutional security.[9] Maintaining a safe and efficient prison requires prison officials to have knowledge about and

---

[5] *Rush v. Correctional Med. Services, Inc.,* 287 F.App'x 142, 144 (3d Cir.2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.1995).

[6] *Ross v. Dep't of Corr.*, 722 A.2d 815, 820 (Del. Super. Ct. 1998).

[7] *Id.*

[8] Searches are commonly referred to as "shakedowns," and are an unpleasant part of prison life.

[9] See, Exhibit A.

access to contraband kept by prisoners. Institutional searches of prisoners and cells are routine and expected.

6. A movant must have either a property or possessory interest and a legitimate expectation of privacy in the areas searched.[10] While Wood complains of shakedowns and searches of his cell, "prisoners have no legitimate expectation of privacy."[11]

5. Notwithstanding, "courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials," such violation of the First Amendment right of access to the courts requires that the litigant demonstrates he was actually injured.[12] Here, Wood does not demonstrate that he has been actually injured. Rather he states that he is suspicious that Defendants are tampering with his legal mail.[13]

6. Wood has not produced evidence of irreparable harm. In addition, the record does not support a likelihood of success on the merits. Wood fails to demonstrate the necessary requisites for injunctive relief, therefore his request must be denied.

---

[10] *Rakas v. Illinois*, 439 U.S. 128, 148 (1978); *Thomas v. State*, Del. Supr., 467 A.2d 954, 957 (1983).

[11] *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

[12] *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

[13] *See* Incoming Legal/Certified Mail Log attached as Exhibit F.

NOW, THEREFORE, this 22nd day of July 2014, Plaintiff's Motion for an Emergency Injunction is hereby DENIED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**