DLD-029                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1768
_____

MARCO MIGUEL ROBERTSON,
Appellant

v.

CHARLES SAMUELS, Jr. FBOP Director; WARDEN LEWISBURG USP;
CLINICAL DIRECTOR KEVIN L. PIGOS, DR., USP LEWISBURG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-02500)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2014
Before: FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: November 14, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marco Miguel Robertson, a federal inmate proceeding pro se, appeals from the District Court's order granting the defendants' motion to dismiss two of the three defendants, and denying Robertson's motion for a protective order. For the reasons set forth below, we will summarily affirm. See L.A.R. 27.4; I.O.P. 10.6.

I.

Robertson filed a complaint, pursuant to 28 U.S.C. § 1331, against Charles Samuels, the director of the Federal Bureau of Prisons, and J.E. Thomas and Dr. Kevin Pigos, the warden and clinical medical director at the United States Penitentiary, Lewisburg, Pennsylvania. Robertson alleges that he was beaten by his cellmate at the direction of the prison staff, suffering severe injuries that required emergency medical care. According to Robertson, he received inadequate medical care following the injury, and was denied neurosurgery by Pigos. Robertson also alleges that he continues to be assaulted, tortured, and "gassed" by prison staff. In his complaint, however, Robertson fails to allege any specific facts against Samuels and Thomas, and implicates Pigos only in the complaints regarding his medical care. In addition to financial compensation for his injuries, Robertson seeks relocation to a different facility that can address his "brain trauma," and seeks to be kept out of general population out of fear for his safety.

As part of their initial screening, the District Court dismissed the complaint against Samuels and Thomas without prejudice to Robertson's filing an amended complaint. Robertson, instead, filed a "Motion For a Protective/Restraining Order Against USP Lewisburg" in which he substantially repeats the allegations found in his

complaint, requests a transfer to another facility, and asks the court to oversee his medical treatment. The District Court treated Robertson's motion as a request for a preliminary injunction, and denied it, concluding that Robertson had not demonstrated any of the requirements for an injunction. Robertson appeals.

## II.

To the extent Robertson appeals the denial of his motion for a protective/restraining order, we have jurisdiction under 28 U.S.C. § 1292(a)(1). See United States v. Santtini, 963 F.2d 585, 590 (3d Cir. 1992). To the extent he appeals the dismissal of the complaint against defendants Samuels and Thomas, we lack jurisdiction because the order did not dismiss the complaint against all defendants; the case against Pigos remains pending in the District Court. See Berckeley Inv. Grp., Ltd. v. Colkitt, 259 F.3d 135, 144-46 (3d Cir. 2001).

We review a District Court's denial of a preliminary injunction for abuse of discretion, but review the underlying factual findings for clear error and examine legal conclusions de novo. K.A. v. Pocono Mountain Sch. Dist., 710 F.3d 99, 105 (3d Cir. 2013). However, we may not exercise jurisdiction over the District Court's order granting the motion to dismiss defendants Samuels and Thomas because claims against Pigos remain pending in the District Court. We may summarily affirm if the appeal does not present a substantial question. See L.A.R. 27.4; I.O.P. 10.6.

III.

Robertson's motion, seeking an order directing defendants to transfer him to a different facility, and to provide medical care, is properly considered as a motion for an injunction. See Cohen v. Bd. of Tr. of the Univ. of Med. and Dentistry of N.J., 867 F.2d 1455, 1465 n.9 (3d Cir. 1989). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); see also Imprisoned Citizens Union v. Ridge, 169 F.3d 178, 185 (3d Cir. 1999).

Upon review we conclude that the District Court did not err in finding that a preliminary injunction was not warranted on the record before it. In his motion, Robertson ultimately sought the same injunctive relief outlined in his complaint and substantially relied on the same factual allegations found within his complaint. While Robertson alleges in both his complaint and the injunction motion that he continues to suffer physical abuse, including assaults, torture, and gassing, he fails to identify any of the named defendants as the perpetrators of these abuses. Robertson's allegation that Pigos denied him necessary "neurosurgery" is the only potential constitutional claim specifically attributed to any of the named defendants. Moreover, Robertson's medical

4

claim merely states that he was denied "neurosurgery" without specifying what surgery he allegedly needs, why he needs the surgery, why it was denied, and what medical advice or opinion he is basing his claim upon. Given Robertson's failure to sufficiently plead his claims, his apparent unwillingness to amend his pleading upon instruction, and the subsequent dismissal of many of his claims, it is unclear that Robertson will succeed on the merits.

Robertson has also failed to show that he is likely to suffer irreparable harm. The motion seeking a protective order substantially repeats the allegations in the complaint. There is no indication that Robertson has suffered any additional harm that "cannot be redressed by a legal or an equitable remedy following a trial," Instant Air Freight Co. v. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989), and certainly no "clear showing of immediate irreparable injury," Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994) (citations and internal quotation marks omitted).

Finally, we agree with the District Court that Robertson has failed to show that the balance of equities tips in his favor or that public interest would be served by granting the injunction. On the contrary, as the District Court reasoned, granting the injunction would require the federal courts to interfere in the administration of the Federal Bureau of Prisons to manage the incarceration and medical treatment of a single inmate. Given the Supreme Court's instruction that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," injunctive relief

5

at this stage could result in harm to the nonmoving party and would not be in the public interest.  See Sandin v. Conner, 515 U.S. 472, 482 (1995)

## IV.

We conclude that this appeal presents no substantial question, and we will affirm the judgment of the District Court.