DLD-034                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2898
_____

DENNIS ALBERT MACCHIONE,
                                        Appellant

v.

COORDINATOR ADMINISTRATOR IN WASHINGTON, D.C.;
LEWISBURG EMPLOYEE NAMED MARR WHO WORKS WITH THE UNIT TEAM
AND CUSTODY IN "D" BLOCK FOR U.S. INMATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-02723)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2014
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: November 19, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dennis Macchione, a federal prisoner at the United States Penitentiary in Lewisburg, Pennsylvania, filed a pro se civil rights action against an employee of USP-Lewisburg and against a federal prison administrator in Washington, D.C., bringing what we construe as claims for retaliation and for failure to protect. Macchione, who is housed in the Special Management Unit on temporary single-cell status, seeks permanent assignment to a single cell. In his complaint, Macchione alleged that corrections officers at Lewisburg have retaliated or plan to retaliate against him for filing prison grievances and complaints in federal court by forcing him to share his cell with other inmates. Macchione averred that his health and safety will be endangered if he has to share a cell because he has been labeled as a "police informant" by unidentified "gang leaders" at the prison and because prison employees continue to place him with "enemy" and "mismatched" cellmates. He alleged that he was, in fact, assaulted during a brief period in which he was removed from single-cell status in 2013.

Based on these allegations, Macchione also filed a motion entitled "Permanent Single Cell Status Officialized," which the District Court construed as a motion for preliminary injunction seeking permanent placement in a single cell.[1] The District Court, approving and adopting the Magistrate Judge's report and recommendation in its entirety,

---

[1] Although the allegations underlying Macchione's claims for retaliation and for failure to protect overlap to some extent, his motion for preliminary injunction appears to be based primarily on his contention that the defendants have failed or will fail to protect him from his cellmates. Accordingly, the District Court did not address Macchione's likelihood of success on the merits of his retaliation claim.

and overruling Macchione's objections thereto, denied his motion for preliminary injunction.

We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). Our standard of review is narrow. Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009). "Unless an abuse of discretion is clearly established, or an obvious error has [occurred] in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct." Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 852 (3d Cir. 1986) (quotation omitted). Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The irreparable harm alleged must be actual and imminent, not merely speculative. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite

3

future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted) (emphasis in original). Furthermore, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context must be viewed with caution and judicial restraint. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); see also 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions, . . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . .").

In concluding that Macchione was unlikely to succeed on the merits of his Eighth Amendment claim, the Magistrate Judge correctly observed that it is well established that double celling in prisons is not per se unconstitutional. See, e.g., Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996) (citing Rhodes v. Chapman, 452 U.S. 337, 347–49 (1981)). However, the Magistrate Judge may have overstated the difficulty of making out a claim like Macchione's. Indeed, we have held that, when in combination with other sufficiently adverse conditions and when accompanied by a showing of deliberate indifference by the defendants, double celling might constitute a constitutional violation. See id. at 67.

Nonetheless, we agree that Macchione has made no showing of imminent irreparable harm. Beyond his broad assertion that he has been labeled as an informant by

4

"gang leaders" and is therefore in danger of being assaulted by other unidentified inmates, Macchione has provided no detailed factual allegations whatsoever. We also note that Macchione conceded in both his motion and objections to the report and recommendation that he was being housed on temporary single cell status. Based on the allegations in his complaint, his motion, and his objections, the District Court correctly concluded that Macchione had failed to show that he would suffer irreparable harm absent relief. See Acierno v. New Castle Cnty., 40 F.3d 645, 655 (3d Cir. 1994) (noting that an injunction may not be used to eliminate the possibility of remote future injury).[2]

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.

_____

[2] In support of this appeal, Macchione has submitted disciplinary reports he believes demonstrate his imminent danger. The reports reflect that on April 28, 2014, as Macchione was being placed in a cell with another inmate, he attacked his new cellmate, who was still in handcuffs. Macchione explains that he "had to attack first before the enemy cellmate could" and "had to assault him at first chance" because the inmate was "making threats." He states that he is in danger due to these "assaults" and other acts (including "suicide stunts") he has performed "to rid [himself] of enemy cellmates." These reports were not before the District Court at the time it denied Macchione's motion for preliminary injunction, nor do they support the conclusion that Macchione is in danger of being harmed by any other inmate.