# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3056

_____

Travis Ross

*Plaintiff - Appellant*

v.

Dr. Mary Carpenter, Director of Prison Health Care, in her individual and official capacity

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: February 7, 2017
Filed: February 14, 2017
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Travis Ross appeals after the District Court[1] granted summary judgment to the defendant in his 42 U.S.C. § 1983 action. After de novo

---

[1]The Honorable Roberto A. Lange, United States District Court Judge for the District of South Dakota.

review, see Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014), we conclude that Dr. Carpenter was entitled to sovereign immunity on Ross's official-capacity claims for damages. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is . . . to be treated as a suit against the [government] entity."); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (noting that unless a state consented to the filing of a suit by a private party, such a suit is barred by the Eleventh Amendment). We further conclude that Ross failed to show that Dr. Carpenter was deliberately indifferent to his serious medical needs. See Barton v. Taber, 820 F.3d 958, 964–65 (8th Cir. 2016) (explaining the deliberate-indifference standard); Roe v. Crawford, 514 F.3d 789, 799 (8th Cir.) ("[I]f a procedure is not medically necessary, then there is no *necessity* for a doctor's attention."), cert. denied, 555 U.S. 821 (2008); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (observing that "in the prison context, a request for injunctive relief must always be viewed with great caution" given the complexities inherent in prison administration).

    We affirm the judgment.

_____